LEANDER A. TYLER *vs.* THE FIDELITY BUILDING AND LOAN ASSOCIATION, formerly Mutual Building Loan Bank, a corporation of the State of New Jersey.

*Attachment—Foreign—One Suit—Writ Issued to Sheriff of Each County—Motion to Quash Refused—Practice—Statute— Constitution; Construction of.*

In.one suit of foreign attachment there was issued a writ to each of the sheriffs of the three counties. A motion made to quash said writs on the ground that they were issued contrary to the statute, refused.

(*March 6, 1903.*)

LORE, C. J., and SPRUANCE AND BOYCE, J. J., sitting.

*J. Harvey Whiteman* for plaintiff.

*William S. Hilles*, special appearance for the purpose of making a motion.

Superior Court, New Castle County, February Term, 1903.

FOREIGN ATTACHMENT CASE (No. 11, February Term 1903).

The plaintiff filed an affidavit in New Castle County, which defendant admitted to be in proper form, alleging that the corporation defendant was indebted to him, etc. One suit was docketed.

The Prothonotary, under instructions of the plaintiff's counsel, issued three original writs, viz., one to the sheriff of New Castle County, one to the sheriff of Kent County, and one to the sheriff of Sussex County, on all of which writs were returned, attachments laid in the hands of certain garnishees.

*Mr. Hilles* moved to quash the said writs of attachment for the following reasons:

1. That the said writs are issued contrary to the statutes in that behalf enabling.

2. That there are three original writs issued in said cause contrary to the statute in that behalf.

3. That the writs of attachment issued in the said cause are not authorized by law.

4. That the Prothonotary has not followed the provisions of law in issuing the writs of attachment in said cause.

5. It does not appear from the record which is the original writ issued in said cause.

*Rev. Code, 783, Sec. 9 ; Ibid, 784, Sec. 15 ; Ibid, 786, Secs., 1, 2 and 3 ; Holland & Crawford vs. Leslie and White, 2 Harr., 306.*

(Counsel for defendant admitted that if there had been three suits docketed, three writs could have been issued.)

*Mr. Whiteman*, for plaintiff, replied that he had considered all these questions before requesting the Prothonotary to issue the writs, and that he was governed in the matter entirely by Section 19, Article 4, of the Constitution ; that if he had docketed three suits, he was confronted with the probability of being ordered by the Court to consolidate the three suits into one, to avoid costs. That we have no original writ in this State, that the only original writ in Delaware is the first writ that is issued by the Court ; the

original writ was that which gave jurisdiction to the Court, and that as long as it was not a paper issued out of the Court it was the Court's mandate, and it directed the Court to do justice to the complainant's writ, to come into court to answer his accuser. Plaintiff was acting upon the theory that there is but one mandate in this case—the Court's mandate to this defendant, having served notice upon him constructively by attaching a number of his debtors, some of whom reside in New Castle County, some in Kent County and some in Sussex County, and there was no other way out of the necessities of the case to effectuate plaintiff's remedy with the least possible expense to the defendant, than to issue the writs in the way they had been issued.

*Christie vs. Walker, 25 E. C. L., 263 (1 Bing. 48); Rev. Code Sec. 20, p. 785; Dunn vs. Harding, 25 E. C. L., 263 (10 Bing. 553); 3 Chitty's Practice, 259.*

LORE, C. J. :—The question is whether it was regular to issue the three writs. Counsel for defendant concedes that in three different suits in this county process might issue to the sheriffs of New Castle County, Kent County and Sussex County. The effect would be the same whether there were three writs issued, one to the sheriff of each county, in one suit or in three separate suits. We are only dealing with the question whether we have the right to issue these three writs in one suit. What may be done under them and what risks are taken are entirely different matters.

The motion to quash the writs of attachment is refused.